IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MENDESI LAMONT FORTE            )
and SHARKA SMOUTHERSON,         )
                                )
     Plaintiffs,                )
                                )
     v.                         )    1:06CV00023
                                )
DETECTIVE P.O. TIERNEY,         )
DETECTIVE M.S. SELLERS,         )
and DETECTIVE J.P. McCLASKEY,   )
                                )
     Defendants.                )
```

MEMORANDUM OPINION

OSTEEN, District Judge

Plaintiffs Mendesi Lamont Forte ("Forte") and Sharka Smoutherson ("Smoutherson") brought this action alleging P.O. Tierney, M.S. Sellers, and J.P. McClaskey ("Defendants") violated 42 U.S.C. § 1983, the Fourth Amendment, and various North Carolina tort laws. Pending before this court is Defendants' motion to dismiss. Plaintiffs received a letter from this court's clerk of court notifying them of their right to respond to Defendants' motion. Plaintiffs have not responded, and thus, under Local Rule 7.3(k), the court considers this motion to be "uncontested." For the reasons stated below, the court will grant Defendants' motion.

## I. FACTUAL BACKGROUND

Defendants are detectives with the Concord, North Carolina police department. Plaintiffs' claims revolve around Defendants' search, pursuant to a warrant, of Smoutherson's residence. Plaintiffs have pending state court criminal charges based on the information seized during those searches. Plaintiff Smoutherson alleges Defendants, while executing the warrant, violated the knock-and-announce rule, see 18 U.S.C. § 3109, proceeded under a facially defective warrant, unreasonably relied on the warrant, and defamed, falsely arrested, harassed, and retaliated against Smoutherson. Defendants also, allegedly, falsely arrested, committed battery against, humiliated, and harassed Forte. A "car search" that occurred against Forte also allegedly substantiates a harassment claim and a cruel-and-unusual-punishment claim under the Eighth and Fourteenth Amendments.

## II. ANALYSIS

The court conducts the analysis in two parts. First, the opinion considers all claims except those by Smoutherson as to the warrant validity and execution ("non-warrant-related claims"). Second, the opinion considers the warrant-related claims.

### A. Non-Warrant-Related Claims

Federal Rule of Civil Procedure 12(b)(6) allows a federal court to dismiss a complaint when it fails to state a claim for relief. In assessing a plaintiff's statement of a claim, Rule 8(a)(2) requires "a short and plain statement of the claim

2

showing that the pleader is entitled to relief." "[A] complaint meets Rule 8's requirements if, in light of the nature of the action, the complaint sufficiently alleges each element of the cause of action so as to inform the opposing party of the claim and its general basis." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005).

In their claims for relief, Plaintiffs lists crimes that Defendants allegedly committed. A "short and plain" statement of the grounds substantiating their claims is lacking. Plaintiffs do not at a minimum plead bare averments of the facts or elements that do or could substantiate their claims. For this reason, dismissal without prejudice is appropriate.

B. Smoutherson's Warrant-Related Claims

Dismissal without prejudice of the remaining claims is also appropriate. A criminal defendant is limited in his civil remedies in a § 1983 action that necessarily "question[s] the lawfulness of conviction or confinement." Heck v. Humphrey, 512 U.S. 477, 483, 487, 114 S. Ct. 2364, 2370, 2372 (1994). In such situations, a civil plaintiff collaterally challenges the lawfulness of his criminal conviction.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination . . . .

Id. at 486-87, 114 S. Ct. at 2372 (footnote omitted). Thus, if the action questions the validity of a state conviction, then

3

"the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487, 114 S. Ct. at 2372.

In this case, Plaintiffs have only pending criminal charges, not a conviction. Although it is an implicit assertion in Defendants' brief, the policy of Heck, concerning collateral review of other court's criminal judgments, applies to pre-conviction challenges as well. See Shamaeizadeh v. Cunigan, 182 F.3d 391, 398 (6th Cir. 1999). Bringing a 1983 claim pre-conviction, however, poses one problem outside of those raised post-conviction. Since the Supreme Court in Heck limits the rule to suits that necessarily challenge a criminal conviction, a court pre-conviction would, if it applied Heck's rule in the same way pre-conviction or post-conviction, have to forecast what claims did and did not necessarily challenge a conviction, a conviction that does not yet exist. Because of this problem, pre-conviction § 1983 challenges apply Heck more broadly. See Heck, 512 U.S. at 487 n.8, 114 S. Ct. at 2373 n.8 (suggesting abstention is appropriate even pre-conviction because of problems inherent in parallel state and federal court proceedings); Shamaeizadeh, 182 F.3d at 399.

Plaintiff Smoutherson has § 1983 challenges, and additionally, pending state charges, substantiated by the Defendants' conduct that allegedly created Smoutherson's § 1983 charge, exist. Under these facts and applying Heck, this court

4

should abstain from the matter. For these reasons, the court will dismiss these claims without prejudice.

**III. CONCLUSION**

For the reasons stated above, the court will grant without prejudice the Amended Motion to Dismiss filed by Defendants P.O. Tierney, M.S. Sellers, and J.P. McClaskey.

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 11th day of July 2006.

_____
United States District Judge